**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

**COLLEEN LORRAINE HOBGOOD**                    **CHAPTER: 13**
                                                                          **CASE NO.: 18-40812**
**DEBTOR(S)**                                                    **JUDGE:  PWB**


**FIRST MODIFIED**
**CHAPTER 13 PLAN**
**COVER SHEET**
**Note: This page is an informational cover sheet and not a Modification statement as**
**defined by General Order No 21-2017.**


1) Section 2.1:
   a) Amended to increase Debtor's plan payment.

2) Section 3.3:
   a) Amended to increase the claim amount for 1st Franklin and indicated that the post confirmation payment shall begin September 2019.

   b) Amended to increase the claim amount, interest rate, adequate protection and post confirmation payments to Capital One Auto Finance.

   c) Amended to indicate that the post confirmation payment for Capital One Auto Finance shall begin September 2019.

3) Section 4.3
   a) Amended to decrease Debtor's Attorney's fee disbursement.


This the ___5th___ day of__June, 2018_.

                                           _/s/ Chris Rampley_
                                           Chris Rampley
                                           Attorney for Debtor(s)
                                           Georgia Bar: 593225
                                           P.O. Box 927
                                           Rome, GA 30162
                                           Phone: (706) 291-7060
                                           Fax:    (706) 291-9743

```
Fill in this information to identify your case:
Debtor 1        Colleen Lorraine Hobgood
                First Name          Middle Name                    Last Name
Debtor 2
(Spouse, if filing)  First Name     Middle Name                    Last Name

United States Bankruptcy Court for the NORTHERN DISTRICT OF GEORGIA

Case number:    18-40812-PWB
(If known)
```

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
2.1, 3.3, 4.3

## Chapter 13 Plan

**NOTE:** **The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.**

### Part 1:  Notices

**To Debtor(s):**    This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐    **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☒ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☒ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☒ Not Included |

### Part 2:  Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

| Debtor | **Colleen Lorraine Hobgood** | Case number | 18-40812-PWB |
|---|---|---|---|

*Check one:*   ☒ 36 months   ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$430.00** per **Month** for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

### § 2.2    Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☒ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

### § 2.3    Income tax refunds.

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

### § 2.4    Additional Payments.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### § 2.5    [Intentionally omitted.]

### § 2.6    Disbursement of funds by trustee to holders of allowed claims.

**(a) Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

**(b) Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

**(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

| Debtor | **Colleen Lorraine Hobgood** | Case number | 18-40812-PWB |
|---|---|---|---|

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C)  To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursement after confirmation of Regular Payments.**  In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**§ 3.1**    **Maintenance of payments and cure of default, if any.**

*Check one.*

☒    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2**    **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check all that apply.*

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2017)                                                    Page 3 of 7

| Debtor | **Colleen Lorraine Hobgood** | Case number | 18-40812-PWB |
|---|---|---|---|

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmati on adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| **1st Franklin** | **Various Household Goods** | **5/23/17** | $**2,104.47** | **4.50**% | $**25.00** | **$25.00 increasing to $75.00 beginning September 2019** |
| **Capital One Auto Finance** | **2015 Ford Festiva 48,979 miles** | **07/2017** | $**13,141.60** | **5.75**% | $**100.00** | **$100.00 increasing to $320.00 beginning September 2019** |

**§ 3.4    Lien avoidance**.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5    Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☒ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| **Brians Auto Sales** | **2000 Chevrolet Trailblazer 181,812 miles** |
| **Capital One Auto Finance** | **2012 Hyundai Elantra 120,189 miles** |

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2017)                    Page 4 of 7

| Debtor | **Colleen Lorraine Hobgood** | Case number | 18-40812-PWB |
|---|---|---|---|

**§ 3.6    Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __**4.50**__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**Part 4:    Treatment of Fees and Priority Claims**

**§ 4.1    General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3    Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__**3,975.00**__. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__**270.00**__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__**2,000.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__**2,000.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

| Debtor | **Colleen Lorraine Hobgood** | Case number | 18-40812-PWB |
|---|---|---|---|

**§ 4.4    Priority claims other than attorney's fees.**

☒    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

---

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**§ 5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☒ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3    Other separately classified nonpriority unsecured claims.**

*Check one.*

☒    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

---

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**§ 6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☒    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**§ 7.1    Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

---

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**§ 8.1    Check "None" or List Nonstandard Plan Provisions.**

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2017)                                    Page 6 of 7

| | | |
|---|---|---|
| Debtor | **Colleen Lorraine Hobgood** | Case number    18-40812-PWB |

☒    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | Signatures: |
|---|---|

**§ 9.1**    **Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

X    /s/ Colleen Lorraine Hobgood                      X

**Colleen Lorraine Hobgood**                              Signature of debtor 2 executed on
Signature of debtor 1 executed    June 4, 2018
on

X    /s/ Chris Rampley                      Date    June 5, 2018
:

**Chris Rampley 593225**
Signature of attorney for debtor(s)

**Chris Rampley, LLC**                               **P.O. Box 927**
**Rome, GA 30162**

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                     Best Case Bankruptcy

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

**COLLEEN LORRAINE HOBGOOD**                    **CHAPTER: 13**
                                                 **CASE NO.: 18-40812**
**DEBTOR(S)**                                    **JUDGE:  PWB**


**CERTIFICATE OF SERVICE**

        This is to certify that I have this day served a copy of the foregoing on the
following by first class U.S. Mail in a properly stamped and addressed envelope.


All Parties and Creditors Listed on the Attached Matrix


This the ___5th___ day of__June, 2018__.



                                           _/s/ Chris Rampley_
                                           Chris Rampley
                                           Attorney for Debtor(s)
                                           Georgia Bar: 593225
                                           P.O. Box 927
                                           Rome, GA 30162
                                           Phone: (706) 291-7060
                                           Fax:    (706) 291-9743

```
Label Matrix for local noticing      Capital One Auto Finance              (p)1ST FRANKLIN FINANCIAL CORPORATION
113E-4                               4515 N Santa Fe Ave. Dept. APS        PO BOX 880
Case 18-40812-pwb                    Oklahoma City, OK 73118-7901          TOCCOA GA 30577-0880
Northern District of Georgia
Rome
Tue Jun  5 11:38:35 EDT 2018

1st Franklin Financial Corporation   (p)BANK OF THE OZARKS                 Brians Auto Sales
Attn: Administrative Services        P O BOX 8811                          392 Curtis Parkway
PO Box 880                           LITTLE ROCK AR 72231-8811             Calhoun, GA 30701-2084
Toccoa, GA 30577-0880


Capital One                          Capital One Auto Finance              Capital One Auto Finance, a division of Capi
Attn: Bankruptcy                     Attn: Bankruptcy                      4515 N Santa Fe Ave. Dept. APS
Po Box 30253                         Po Box 30285                          Oklahoma City, OK 73118-7901
Salt Lake City, UT 84130-0253        Salt Lake City, UT 84130-0285


Cardworks/CW Nexus                   Comcast                               Comenity Bank/Avenue
Attn: Bankruptcy                     PO Box 2127                           Po Box 182125
Po Box 9201                          Norcross, GA 30091-2127               Columbus, OH 43218-2125
Old Bethpage, NY 11804-9001


Comenity Bank/Victoria Secret        Dalton Ear, Nose and Throat           Diversified Consultant
Attn: Bankruptcy                     1436 Chattanooga Ave                  Dci
Po Box 182125                        Dalton, GA 30720-2637                 Po Box 551268
Columbus, OH 43218-2125                                                    Jacksonville, FL 32255-1268


EdFinancial Services                 Express-Script, Inc                   (p)GEORGIA UNITED CREDIT UNION
Attn: Bankruptcy Department          PO Box 52150                          PO BOX 100070
Po Box 36008                         Phoenix, AZ 85072-2150                DULUTH GA 30096-9370
Knoxville, TN 37930-6008


(p)GEORGIA DEPARTMENT OF REVENUE     Georgia United Credit                 HARBIN CLINIC LLC
COMPLIANCE DIVISION                  6705 Sugarloaf Pkwy                   C/O NATIONWIDE RECOVERY SERVICE
ARCS BANKRUPTCY                      Duluth, GA 30097-4926                 P.O. BOX 8005
1800 CENTURY BLVD NE SUITE 9100                                            CLEVELAND, TN 37320-8005
ATLANTA GA 30345-3202


Harbin Clinic                        Colleen Lorraine Hobgood              Germani Gabrielle Hunt
PO Box 848290                        4228 Hwy 41 N                         Allen Legal Group, P.C.
Boston, MA 02284-8290                Resaca, GA 30735-6017                 P.O. Box 1577
                                                                          Atlanta, GA 30301-1577


Internal Revenue Service             (p)JEFFERSON CAPITAL SYSTEMS LLC      Lifetouch Chiropratic
401 W Peachtree St NW                PO BOX 7999                           720 S Glenwood Ave Suite 100
Atlanta, GA 30308-3510               SAINT CLOUD MN 56302-7999             Dalton, GA 30721-3389


Natiowide Recovery Service           North American Credit Services        Owasa Family Medicine
Attn: Bankruptcy                     Po Box 182221                         109 Hospital Drive
Po Box 8005                          Chattanooga, TN 37422-7221            Calhoun, GA 30701-2067
Cleveland, TN 37320-8005
```

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Progressive Insurance
Po Box 55126
Boston, MA 02205-5126

Quantum3 Group LLC as agent for
MOMA Funding LLC
PO Box 788
Kirkland, WA  98083-0788


Chris Rampley
Chris Rampley, LLC
P O Box 927
Rome, GA 30162-0927

Regions Bank
801 N 3rd Ave
Chatsworth, GA 30705-2113

Southern Collections
Pob 25006
Little Rock, AR 72221-5006


(p)SPRINT NEXTEL CORRESPONDENCE
ATTN BANKRUPTCY DEPT
PO BOX 7949
OVERLAND PARK KS 66207-0949

Suntrust Bank
Po Box 85052
Richmond, VA 23285-5052

Mary Ida Townson
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1770


Transworld Systems Inc
Po Box 15618
Wilmingotn, DE 19850-5618

U. S. Attorney
600 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta GA 30303-3315

William Hobgood
Po Box 815
Resaca, GA 30735-0815


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


1st Franklin
135 E Tugalo Street
Toccoa, GA 30577

Bank Of The Ozarks
Po Box 196
Ozark, AR 72949

GEORGIA UNITED CREDIT UNION
P.O. BOX 100070
DULUTH, GEORGIA 30096-9370


Georgia Department of Revenue
1800 Century Blvd NE
Suite 9100
Atlanta, GA 30345-3205

Jefferson Capital Systems, LLC
16 Mcleland Rd
Saint Cloud, MN 56303

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541


Sprint
Attn: Bankruptcy
PO Box 7949
Overland Park, KS 66207

(d)Sprint Corp
Attention Bankruptcy
PO Box 7949
Overland Park, KS 66207-0949


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Capital One Auto Finance, A Division of Ca

End of Label Matrix
Mailable recipients    41
Bypassed recipients     1
Total                  42